O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| PEGGY ANN ADAMS,<br><br>                        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                        Defendant. | Case No. 2:15-CV-03286 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In November of 2011, Plaintiff Peggy Ann Adams applied for Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the application.

Plaintiff, by and through her attorneys, Disability Advocates Group, Michelle J. Shvarts, Esq. of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12, 13). On May 2, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for SSI benefits on November 28, 2011, alleging disability beginning June 30, 2009, due to physical and mental impairments. (T at 19).[1]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On November 26, 2013, a hearing was held before ALJ Joel Martinez. (T at 39).  Plaintiff appeared with her attorney and testified. (T at 42-57).  The ALJ also received testimony from Jane Haile, a vocational expert (T at 58-61).  In a written decision dated December 24, 2013, the ALJ found that Plaintiff was not disabled and denied the application for benefits. (T at 16-38).  The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 17.

Commissioner's final decision on February 25, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On May 1, 2015, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on November 20, 2015. (Docket No. 16). The parties filed an Amended Joint Stipulation on January 22, 2016. (Docket No. 19).

After reviewing the pleadings, Amended Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

1    **B.     Standard of Review**

2         Congress has provided a limited scope of judicial review of a Commissioner's

3    decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

4    made through an ALJ, when the determination is not based on legal error and is

5    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

6    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

7         "The [Commissioner's] determination that a plaintiff is not disabled will be

8    upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

9    *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

10   evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

11   n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

12   599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

13   reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

14   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

15   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

16   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

17   the Court considers the record as a whole, not just the evidence supporting the

18   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

19   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

20

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.     Commissioner's Decision

The ALJ noted that Plaintiff had previously filed an application for SSI benefits, which was denied in a decision rendered by ALJ Zane Lang on October 20, 2011.  No appeal was taken from that decision, making ALJ Lang's findings final as to that period of time. (T at 19).

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 28, 2011, the date of the application presently under review. (T at 23).   The ALJ found that Plaintiff's major depressive disorder,

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

amphetamine abuse, degenerative disc and degenerative joint disease, with disc protrusions and associated stenonis of the lumbosacral spine were "severe" impairments under the Act. (Tr. 23).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 24).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift/carry 20 pounds occasionally, 10 pounds frequently, stand/walk for 6 hours in a workday and sit for 6 hours in a workday. (T at 24).  The ALJ found that Plaintiff was limited to occasional postural activity and needed to avoid workplace hazards.  He determined that Plaintiff was limited to simple repetitive tasks, with no public contact and only occasional contact with work peers. (T at 24).

The ALJ noted that Plaintiff had no past relevant work. (T at 30).  Considering Plaintiff's age (49 years old on the application date), education (limited), work experience (no past relevant work), and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 31).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between November 28, 2011 (the application

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

date) and December 24, 2013 (the date of the decision) and was therefore not entitled to benefits. (T at 32). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.    Disputed Issue**

As set forth in the Amended Joint Stipulation (Docket No. 19, at p. 2), Plaintiff offers a single argument in support of her claim that the Commissioner's decision should be reversed.  In sum, Plaintiff argues that the ALJ did not afford appropriate weight to treating source opinions.  This Court will review the treating source opinions and then review the ALJ's consideration of those opinions.

# IV. ANALYSIS

**A.    Review of Treating Source Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-:examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The courts have recognized several types of evidence that may constitute a specific, legitimate reason for discounting a treating or examining physician's medical opinion. For example, an opinion may be discounted if it is contradicted by the medical evidence, inconsistent with a conservative treatment history, and/or is based primarily upon the claimant's subjective complaints, as opposed to clinical findings and objective observations. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*.

### 1.        Dr. Phyllis Cohen

In May of 2013, Dr. Phyllis Cohen, Plaintiff's treating family practice physician, completed a Medical Source Statement of Ability to do Work Related

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

Activities (Physical) form.  Dr. Cohen explained that she had seen Plaintiff every 3 months for a year.  She diagnosed low back pain, short term memory loss, hypertension, and depression. (T at 647).  She opined that Plaintiff could sit for 30 minutes before needing to get up and stand for 15 minutes before needing to sit down, walk around, etc. (T at 647).  Overall, Dr. Cohen assessed that Plaintiff could sit/stand/walk for less than 2 hours in an 8-hour workday, even with normal breaks. (T at 648).  She stated that Plaintiff would need to shift positions at will from sitting, to standing, to walking and would need to take unscheduled 15 minute breaks every hour. (T at 648).

Dr. Cohen opined that Plaintiff could occasionally lift/carry 10 pounds, but rarely lift/carry more than that. (T at 648).  She assessed that Plaintiff would likely be "off task" and unable to perform even simple work tasks 25% or more of the day and would likely miss more than 3 days of work per month due to her impairments or treatment. (T at 649).

The ALJ discounted Dr. Cohen's opinion.  In particular, the ALJ found the opinion unsupported by objective medical evidence or clinical findings and contradicted by the treatment records. (T at 25-26).

1

2.          **Ms. Carla Avalos**

2

In April of 2013, Carla Avalos, a psychiatric social worker, completed a

3

Medical Source Statement of Ability to do Work Related Activities (Mental) form.

4

She explained that Plaintiff would be unable to understand, remember, and carry out

5

short and simple instructions; maintain attention and concentration; or make simple

6

work-related decisions for 10% of an 8-hour workday. (T at 752).  She opined that

7

Plaintiff could not complete a normal work day and work week or set realistic gorals

8

more than 15% of the time. (T at 752-53).  Ms. Avalos also assessed limitations with

9

regard to Plaintiff's social skills (including her ability to ask simple questions,

10

request assistance, and accept instructions and criticism from supervisors) and

11

adaptive skills (e.g. her ability to respond appropriately to changes in a work

12

setting). (T at 753).

13

Ms. Avalos opined that Plaintiff had no limitation as to daily living, but had

14

difficulties maintaining social functioning, concentration, persistence, and pace more

15

for 10% of an 8-hour work day. (T at 753).  She assessed that Plaintiff would likely

16

be "off task" and unable to perform work tasks 25% or more of the day and would

17

likely miss more than 3 days of work per month due to her impairments or treatment.

18

(T at 754).

19

20

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

In August of 2013, Ms. Avalos provided a letter to Plaintiff's counsel, wherein she noted that Plaintiff had been receiving treatment since January of 2012 for major depression and amphetamine dependence (in remission).  Ms. Avalos explained that Plaintiff's current symptoms "continue[d] to impair her ability to sustain and maintain full-time employment and engage in social situations." (T at 736).  The letter was co-signed by Dr. Karina Shulman, a psychiatrist. (T at 736).

In evaluating a claim, the ALJ must consider evidence from the claimant's medical sources. 20 C.F.R. §§ 404.1512, 416.912. Medical sources are divided into two categories: "acceptable" and "not acceptable." 20 C.F.R. § 404.1502. Acceptable medical sources include licensed physicians and psychologists. 20 C.F.R. § 404.1502. Medical sources classified as "not acceptable" (also known as "other sources") include nurse practitioners, therapists, licensed clinical social workers, and chiropractors. SSR 06-03p.  The opinion of an acceptable medical source is given more weight than an "other source" opinion. 20 C.F.R. §§ 404.1527, 416.927.  For example, evidence from "other sources" is not sufficient to establish a medically determinable impairment. SSR 06-03p.  However, "other source" opinions must be evaluated on the basis of their qualifications, whether their opinions are consistent with the record evidence, the evidence provided in support of their opinions and whether the other source is "has a specialty or area of expertise related

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

to the individual's impairment." See SSR 06-03p, 20 CFR §§404.1513 (d), 416.913 (d).  The ALJ must give "germane reasons" before discounting an "other source" opinion. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Here, the ALJ discounted Ms. Avalaos's April 2013 report, finding that the social worker had failed to consider serious inconsistencies in the record, which provided a basis for questioning the credibility of Plaintiff's claims and presentation. (T at 28).  The ALJ also discounted the letter co-signed by Dr. Schulman, finding it beyond the scope of the psychiatrist's qualifications and insufficiently detailed. (T at 28-29).

### 3.   Paula Christianson

In November of 2011, Paula Christianson, a treating nurse practitioner, completed a functional capacity questionnaire.   She diagnosed hypertension, depression, cognitive deficits, and headaches.  Ms. Christianson opined that Plaintiff could sit/stand/walk with normal breaks for 3 hours in an 8-hour workday with normal breaks; occasionally lift/carry less than 10 pounds, rarely lift/carry 10 pounds, and never lift/carry more than that. (T at 362).  She reported that Plaintiff's pain would be severe enough to occasionally interfere with attention and concentration needed to perform even simple work tasks. (T at 362).  She opined

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

that Plaintiff would likely miss about 4 days per month due to her impairments or treatment. (T at 362).

Ms. Christianson's report was co-signed by a physician, whose name is not legible (although it appears to be Dr. Cohen's signature). (T at 362).  Although the ALJ did not reference Ms. Christianson, he cited this report when discussing Dr. Cohen's assessments (T at 28), which he discounted as discussed above.

**B.    Review of ALJ's Assessment of Medical Opinion Evidence**

For the following reasons, this Court finds the ALJ's assessment of the medical opinion evidence supported by substantial evidence.  First, the ALJ acted within his discretion in finding that Dr. Cohen's very restrictive assessments were contradicted by the conservative treatment history.  For example, Dr. Cohen only saw Plaintiff quarterly, treated her symptoms with medication, and did not refer Plaintiff to an orthopedist or recommend additional treatment such as epidural injections or physical therapy. (T at 25-26).  The fact that a claimant receives only conservative treatment is a specific and legitimate reason to reject an opinion that the impairment is disabling. *See Johnson v. Shalala*, 60 F.3d 1428,1434 (9th Cir. 1995).

Second, Dr. Cohen's assessments were not supported by detailed clinical findings.  Although Dr. Cohen cited a 2010 brain MRI in support of her findings, the ALJ noted that those results were characterized as "questionable" and other brain

15

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

imaging studies were found to be "unremarkable." (T at 25).  The ALJ also cited an October 2012 MRI of the spine, which found generally mild results, with no evidence of spinal stenosis or nerve root compression. (T at 25, 543).  The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

As to the opinions of Ms. Avalaos and Dr. Schulman with respect to Plaintiff's mental health impairments, this Court likewise finds substantial evidence supporting the ALJ's consideration.  The ALJ discounted Plaintiff's credibility significantly, noting Plaintiff's conviction for identity theft (a crime of moral turpitude), failure to provide an honest accounting of her substance abuse history, and reports of symptom magnification. (T at 29).  *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999)(Dishonesty regarding drug use may be used to discount a claimant's credibility); *see also Fair v. Bowen*, 885 F.2d 597, 604 n. 5 (9th Cir. 1989)(noting that ALJ may rely on "ordinary techniques of credibility evaluation" and discount a claimant's credibility if he or she "has made prior statements inconsistent" with subjective complaints or "is found to have been less than candid in other aspects of his [or her] testimony").

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

Plaintiff does not challenge the ALJ's credibility determination.  Thus, the ALJ could reasonably discount the opinions of the mental health professionals, which were based in large part on Plaintiff's subjective complaints and reports.  *See Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

The ALJ's decision to discount the assessments of Ms. Avalaos and Dr. Schulman was also supported by the findings of two consultative examiners.  In March of 2012, Dr. Bahareh Talei, a clinical psychologist, completed a consultative psychiatric examination.  Dr. Talei assigned a Global Assessment of Functioning ("GAF") score[2] of 60 (T at 441), which is indicative of moderate symptoms or difficulty in social, occupational or educational functioning. *Metcalfe v. Astrue*, No. EDCV 07-1039, 2008 US. Dist. LEXIS 83095, at *9 (Cal. CD Sep't 29, 2008).  Dr. Talei opined that Plaintiff could understand, remember and carry out short, simplistic instructions without difficulty and make simplistic work-related decisions without special supervision. (T at 441).  He assessed a moderate inability to interact appropriately with supervisors, co-workers, and peers on a consistent basis. (T at 441).

---

[2] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

1      Dr. Rosa Colanna, a clinical psychologist, performed a consultative

2   psychiatric examination in January of 2013.  Dr. Colanna assigned a GAF score of

3   59, which indicates moderate symptoms.  She opined that Plaintiff could understand,

4   remember, and carry out short, simplistic instructions without difficulty and had a

5   mild inability to understand, remember, and carry out detailed instructions.  Dr.

6   Colanna believed Plaintiff could make simplistic work-related decisions without

7   special supervision, but would have a mild inability to interact appropriately with

8   supervisors, co-workers, and peers. (T at 518).

9      The ALJ incorporated the limitations assessed by these examiners in the RFC

10   determination by limiting Plaintiff to simple repetitive tasks with no public contact

11   and only occasional contact with work peers. (T at 24).

12      The ALJ's findings were also supported by the conclusions of two State

13   Agency review consultants, who opined that Plaintiff had some impairment with

14   regard to social functioning, but remained capable of performing simple repetitive

15   tasks. (T at 27, 460-62, 520-23).  "The opinions of non-treating or non-examining

16   physicians may also serve as substantial evidence when the opinions are consistent

17   with independent clinical findings or other evidence in the record." *Thomas v.*

18   *Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also* 20 CFR § 404.1527

19   (f)(2)(i)("State agency medical and psychological consultants and other program

20

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

In sum, although treating providers' opinions are entitled to deference, the ALJ may reject such opinions where, as here, the ALJ provided a detailed a thorough summary of the record, including conflicting medical opinions, and interpreted the evidence in a manner that a "reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (1971).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of the treating providers' opinions. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v.*

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

*Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – ADAMS v COLVIN 2:15-CV-03286-VEB

1

## VI. ORDERS

2

IT IS THEREFORE ORDERED that:

3

      Judgment be entered AFFIRMING the Commissioner's decision and

4

DISMISSING this action, and it is further ORDERED that

5

      The Clerk of the Court file this Decision and Order and serve copies upon

6

counsel for the parties.

7

      DATED this 28th day of June, 2016.

8

               /s/Victor E. Bianchini
               VICTOR E. BIANCHINI

9

          UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21